UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
Norma Powell,                                  :
                                               :
             Plaintiff,                :    **Hon. Joseph H. Rodriguez**
                                               :
             v.                        :    Civil Action No. 14-4365
                                               :
City of Ocean City, et. al.                    :
                                               :    **<u>Opinion</u>**
             Defendants.               :
_____:

      These matters come before the court on separate motions for Summary Judgment and to Dismiss, filed on behalf of Defendants Shore Memorial Hospital [47] and Kathryn Page, R.N. [53] and on Cross Motion to Dismiss and for Summary Judgment of Defendant Jessica Ruiz, A.P.N.. The Court has considered the written submissions without oral argument. For the reasons that follow, Defendants' motions are denied.

### I.   <u>Background</u>

      On July 11, 2012 Plaintiff Norma Powell was arrested and detained for driving under the influence. At the police station, Powell's lung disease prevented her from producing a reading on a breathalyzer. She was also unable to produce a sufficient urine specimen despite being given and having consumed ten cups of water. As a result, she was taken to the Shore Memorial Hospital, where Defendant nurse Kathryn Page, R.N. drew her

1

blood and then inserted a catheter. Powell alleges that Defendant Officer Hall was present during and participated in the catheterization. Powell contracted an infection as a result of the catheter.

On July 11, 2014, Powell filed a sixteen (16) count Complaint alleging various causes of action against the City of Ocean City, Office Laura Hall, and Sergeant D. Dubbs (Ocean City Defendants) and the Shore Memorial Hospital, Nurse Page, and Nurse Ruiz (Hospital Defendants). The Court granted partial summary judgment in favor of the Ocean City Defendants on April 28, 2015. Now, the Hospital Defendants argue they are entitled to immunity pursuant to N.J.S.A. 2A:62A-10 because they catheterized Powell and took a blood sample at the direction of the Ocean City Defendants. In addition, the Hospital Defendants argue that the specimens were obtained in a medically acceptable manner.

## II.   Standards of Review
### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss

pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). Where there are well-pleaded factual allegations, a court should assume their

---

[1] Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment. U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id.

veracity and then determine whether they plausibly give rise to an entitlement to relief.  Iqbal, 129 S. Ct. at 1950.

The Court need not accept unsupported conclusions and unwarranted inferences, Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and [l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness.  Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ([A] court need not credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss.)).  Accord Iqbal, 129 S. Ct. at 1950 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Although detailed factual allegations are not necessary, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Twombly, 550 U.S. at 555 (internal citations omitted).  See also Iqbal, 129 S. Ct. at 1949 (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.).

4

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact). Twombly, 550 U.S. at 556 (internal citations omitted). [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief. Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Summary Judgment

A court will grant a motion for summary judgment if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (c). Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256-57. Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.  Credibility determinations are the province of the finder of fact.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.  Analysis

Defendants argue that immunity under N.J.S.A 2A:62A-10 precludes liability.   That statute shields medical personnel and facilities involved in obtaining bodily substance specimens from both from civil and/or criminal liability under certain circumstances. See N.J.S.A 2A:62A-10.  "The purpose of N.J.S.A. 2A:62A–10 is to encourage medical personnel to cooperate with law enforcement officers in obtaining bodily substance specimens." Jiosi v. Twp. of Nutley, 332 N.J. Super. 169, 176, 753 A.2d 132, 136 (App. Div. 2000) (citing Senate Law, Public Safety and Defense Committee, Statement

to S. 1089 (enacted as L.1986, c.189)).  In part, N.J.S.A. 2A:62A-10 provides:

>    a. When acting in response to a request of a law enforcement officer, any physician, nurse or medical technician who withdraws or otherwise obtains, in a medically accepted manner, a specimen of breath, blood, urine or other bodily substance and delivers it to a law enforcement officer, shall be immune from civil or criminal liability for so acting, provided the skill and care exercised is that ordinarily required and exercised by others in the profession.
>
>    b. Any physician, nurse or medical technician who, for an accepted medical purpose, withdraws or otherwise obtains, in a medically accepted manner, a specimen of breath, blood, urine or other bodily substance and subsequently delivers it to a law enforcement officer either voluntarily or upon court order, shall be immune from civil or criminal liability for so acting, provided the skill and care exercised in obtaining the specimen is that ordinarily required and exercised by others in the profession.
>
>    c. The immunity from civil or criminal liability provided in subsections a. and b. of this section shall extend to the hospital or other medical facility on whose premises or under whose auspices the specimens are obtained, provided the skill, care and facilities provided are those ordinarily so provided by similar medical facilities.

Application of immunity under N.J.S.A 2A:62A-10 is not appropriate in all circumstances.  For immunity to attach, the sample must either be requested by a law enforcement officer or obtained for an accepted medical purpose. Jiosi, 332 N.J. Super. at 176.  Importantly, the sample must also be obtained in a medically accepted manner. Id.

Here, Plaintiff alleges a violation of her constitutional rights by the Defendants Shore Memorial Hospital, Kathryn Page, R.N. and Jessica Ruiz, A.P.N.  Plaintiff claims that these Defendants allowed Officer Hall to assist in her catheterization without her consent and performed the catheterization in a humiliating and medically unacceptable manner. See Compl. ¶52.  Plaintiff claims that Officer Hall assisted in the procedure without proper sterilization or dress and caused her to contract the bacterial virus MRSA.  Id.

Prior to being transported to Shore Memorial Hospital, Plaintiff was given ten cups of water and attempted, but was unable, to produce a urine sample at the police station. See Dep. Officer Hall, p. 19:13-22. According to the Officer Hall, Plaintiff could not sufficiently urinate and was then taken to the hospital where blood was drawn for analysis. See id., p. 19:2-6.  After the blood sample was procured, Plaintiff was catheterized so that a urine sample could be collected. Id.  Officer Hall testified that Plaintiff was not given another opportunity to urinate at the hospital. Id. at p. 19:23-25.  Plaintiff contracted MRSA as a result of the catheterization.[3]  Pursuant to the New Jersey Appellate Division's decision in Jiosi, summary judgment is

---

[3] Defendants move to dismiss this claim on plausibility grounds.  This motion is denied because, viewing the facts in a light most favorable to Plaintiff, as is required on a motion to dismiss, the claim is plausible given the circumstances of catheterization occurring in a state of her normal dress and the Officer's presence and alleged participation.

not warranted at this time because questions of fact exist as to whether the catheterization was necessary and whether the catheterization was performed in a medically acceptable manner.

In <u>Jiosi</u>, the plaintiff was arrested and charged with driving under the influence. Jiosi, 332 N.J. Super. 169. He was taken to the hospital where blood was drawn with the plaintiff's permission. <u>Id.</u> Like Powell, plaintiff was involuntarily catheterized. <u>Id.</u> In reversing the trial court's grant of summary judgment, the Appellate Division opined:

> In our view it is not enough to demonstrate that the procedure can be accomplished without harm to the "patient." Under the present circumstances where the sample is being taken, not for an accepted medical purpose but to further a criminal prosecution, constitutional rights of privacy are implicated "[b]ecause it is clear that the collection and testing of urine intrudes upon the expectations of privacy that society has long recognized as reasonable ... these intrusions must be deemed searches under the Fourth Amendment." <u>Skinner v. Railway Labor Executives' Assoc.</u>, 489 U.S. 602, 617, 109 S.Ct. 1402, 1413, 103 L. Ed.2d 639, 660 (1989). In this context the question of whether the procedure was done in a "medically accepted manner" entails more than the mechanics of the procedure. It must also encompass the question of whether the procedure was necessary for its intended purpose. The record before the motion judge was not fully developed in this regard, but on the proofs provided a jury could find that the period of time plaintiff was given to voluntarily urinate was insufficient to justify involuntary catheterization. The time lapse between plaintiff's last glass of water and the involuntary catheterization may have been as little as sixteen minutes. Overall, the time between when plaintiff began taking water and the catheterization was only around forty-six minutes. What problems might have arisen by allowing plaintiff more time to

voluntarily urinate were not explored at the summary judgment hearing.

Jiosi v. Twp. of Nutley, 332 N.J. Super. at 177.

Here, there are questions of fact related to whether the procedure was necessary. As in Jiosi, there is a dispute as to whether more time could have been allotted for Powell to produce a urine sample without catheterization. In addition, given that Powell contracted MRSA as a result of the catheterization, there is a question of fact as to whether the catheterization procedure was performed in a medically acceptable manner. See Aff.of Cheryl McKnight, Ex. D. The presence of these disputes caused the Appellate Division in Jiosi to remand the matter to the trial court for further exploration. The Court finds the Appellate Division's reasoning persuasive and finds that questions of fact preclude N.J.S.A 2A:62A-10 immunity at this time.

As a result, the motions for summary judgment and to dismiss of both Shore Memorial Hospital and Kathryn Page, R.N. are denied. Jessica Ruiz's cross motions are denied for the same reasons, but without prejudice and with the right to refile upon the conclusion of discovery.[4]

---

[4] Plaintiff argues that at the time of Defendant Ruiz's cross- motion, discovery was not complete. Specifically, Ruiz's deposition had not occurred. Although this motion has been pending for some time, neither party supplemented their arguments to include references to Ruiz's deposition. In light of the incomplete record upon which Ruiz moves, the Court will permit her to refile her motion. Plaintiff may then oppose the motion with the benefit of the missing discovery.

An appropriate Order accompanies this Opinion.


Dated: December 1, 2015

                                       s/ Joseph H. Rodriguez
                                       Hon. Joseph H. Rodriguez,
                                       UNITED STATES DISTRICT JUDGE